# BANKERS' CONSTRUCTION COMPANY VS. AMERICAN NATIONAL BANK

### (No. 1084, January 22nd, 1924; 222 Pac. 33.)

Corporations—Contracts—Adoption of Promoter's Contract—Quantum Valebat—Evidence—Principal and Agent—Ratification.

1. In an action on a quantum valebat for material furnished a corporation over and above that specified in a building contract, evidence held sufficient to warrant a finding that the contract was made with the promoters of the corporation with the intention that it should be adopted by the corporation; that it was not mutually abandoned; and that the amount claimed over and above that specified in the contract was claimed by reason of changes made.

2. A contract made by the promoters of a corporation on its behalf becomes the contract of the corporation, so that it is both entitled to the benefit and liability thereon, if it adopted it, after coming into existence.

3. Evidence that a corporation made whatever payments were made on a contract made with the promoters of the corporation prior to its existence, that it received and accepted the benefit of the contract, and in a suit for material furnished over and above that specified therein, relied upon and defended under it, held sufficient to show that the corporation had adopted the contract.

4. If a principal seeks to enforce rights based on the unauthorized contract of an agent or seeks to take advantage of the contract, or to set it up in a cross-action, by way of defense to a suit brought against him, he thereby impliedly adopts or ratifies such a contract.

Appeal from District Court, Laramie County; William C. Mentzer, Judge.

Action by the Bankers' Construction Company against the American National Bank of Cheyenne to recover an alleged balance due for the installation of banking equipment and furnishings. There was a judgment for defendant and plaintiff appeals.

*Kinkead, Ellery* and *Henderson* for Appellant.

This action is a *quantum valebat* to recover the value of equipment and furniture; the defense claimed a written contract made by the plaintiff and promoters of the Bank before its organization, which was adopted by the defendant; appellant contends that respondent failed to meet the burden of showing a contract made on its behalf with the understanding that it would adopt and be bound by it, or that it did expressly or impliedly adopt the contract so as to become a party thereto, and entitled to enforce the same in defense. There is no evidence of an express adoption by respondent; only that respondent made payments on the contract; nor is there evidence of an implied adoption of the contract by respondent; acceptance of benefits is not an implied adoption. Fletcher Cyc Corp. Vol. 1, Sec. 156, 14 C. J. 262-265; delivery to and use by respondent of the furniture does not establish implied adoption. 14 C. J. 259; Tuttle v. Company, (Me.) 64 At. 496; Teeple v. Company, (Ia.) 114 N. W. 906; Rideout v. Ass'n., (Cal.) 112 Pac. 192; Moriariety v. Meyer, (N. M.) 157 Pac. 652; Plains Iron Works Co., vs. Haggett, 188 Pac. 735; Posell v. Smith, (Colo.) 88 Pac. 1064. The judgment of the trial court that respondent became a party to the contract is not sustained by the evidence, and it is therefore liable to appellant in *quantum valebat.* ·Tuttle v. Company, supra.

*Lacey & Lacey & W. E. Mullen* for Respondent.

The execution of the contract is admitted and also payments made by defendant thereon, aggregating $34,891.75; there was no evidence of an abandonment of the contract; there was evidence that plaintiff claimed a right of recovery upon the contract; changes made in plan were suggested by plaintiff; it was conceded at the trial that the bank assumed the contract; plaintiff admitted the extra items; authorities cited by appellant are not applicable to the facts here; they involve cases where the corporation resisted liability on the contract, while here the corporation admits

liability on the contract; adoption of a contract by a corporation, made by its promoters need not be express. 7 R. C. L. 82; acceptance of benefits estops the corporation to deny validity of the contract. A judgment upon conflicting evidence will not be disturbed, Hood v. Smiley, 5 Wyo. 70; the contract having been executed and followed, recovery thereon could in no event exceed the amount agreed upon therein, plus extras agreed upon, even though the action be brought as one on account, as the contract in such case becomes the *quantum meriut.* Hilliard v. Douglas Co., 20 Wyo. 217; Metcalf Co. v. Gilbert, 19 Wyo. 331.

BLUME, Justice.

This action is in *quantum valebat,* brought by the Bankers Construction Company, plaintiff and appellant, against the American National Bank, defendant and respondent, to recover the sum of $7312.93 alleged as a balance due plaintiff from defendant by reason of furnishing, delivery and installment by plaintiff for defendant of certain banking room equipment, furniture and fixtures in the Hynds building in the city of Cheyenne. The total value of such equipment, furniture and fixtures is alleged to be of the value of $42,204.68 of which defendant paid the sum of $34,891.75, leaving due the balance above mentioned. The defendant answered and filed a cross-petition, alleging that it was organized under the banking laws of the United States on June 21, 1919; that prior thereto, on February 22, 1919, John Hay and J. C. Kinney entered into a contract with plaintiff for the work and material above mentioned; that said contract was made for the benefit of said bank, to be thereafter organized; that the plaintiff therein agreed to do said work and furnish said material at the agreed price of $29,843.00; that some changes were thereafter made by mutual agreement for an additional agreed sum of $4,535.24, making the total agreed cost the sum of $34,378.24; that defendant paid the sum of $34,892.00 or $513.51 more than the agreed cost, for which excess payment defendant asks judgment against plaintiff. Other

damages are asked against plaintiff for failure to furnish
and install certain material under the contract, and for
failure to complete the work in the time agreed. Plaintiff
filed a reply denying the affirmative allegations in the an-
swer and cross-petition, and claiming that said contract was
mutually abandoned. The case was tried to the court with-
out the intervention of a jury; the court found generally
in favor of defendant, and entered judgment in its favor
and against plaintiff for the sum of $706.23, from which
judgment plaintiff appeals. The only two points relied on
for reversal of the judgment herein are stated in the brief
of counsel for appellant to be: (1) that the record does
not establish that the contract made on January 22, 1919
between appellant on the one hand and Hay and Kinney
on the other, was made on behalf of the respondent or that
it was intended by the parties thereto that the respondent,
when organized, should become bound thereby or become a
party thereto by adopting it; (2) that the record does not
show that after respondent was organized it expressly or
impliedly adopted said contract so as to become a party
thereto and entitled to enforce the same or defend thereon.
It is not disputed that the contract of January 22, 1919,
above mentioned, was not carried out at all, unless in con-
nection with the work for which appellant seeks to recover
herein. Said contract contained a specification and sched-
ule "of the material to be furnished and the labor to be
performed by the Bankers Construction Company of Den-
ver, Colorado, for the Wyoming National Bank of Chey-
enne, Wyoming," and the specification states that "The
Bankers Construction Company shall hereinafter be desig-
nated as the contractor and The Wyoming National Bank
as the owner." The "addenda" made thereto before the
signing of the contract locates the bank referred to in the
"Hynds block" on Capitol Avenue, which is the place in
the city of Cheyenne where the work herein was done for
the respondent. The witnesses Hay and Kinney testified
that the contract was made for the benefit of the respond-

ent, which, though at the time of the signing of the contract intended to be organized under the name of The Wyoming National Bank, was in fact subsequently organized under the name of American National Bank. The bank in fact made the various payments to appellant. Mr. Hine, the president and manager of appellant, testified that the basis of the charges made against respondent was the original contract with Hay and Kinney; that the amount claimed over and above the price specified therein was by reason of "additional quantities and other changes that were made in the original floor plan and the finally installed scheme;" that a credit given to respondent was "based upon deductions for materials that were lessened in quantity through these changes." The changes referred to were those made from the original contract with Hay and Kinney. On May 25, 1920, after, as appellant claimed, the completion of all the work, appellant presented a written statement to respondent wherein, in addition to other amounts by reason of additional labor and material, it claimed the sum of $29,843.00 as per the "original contract." That is the amount that was agreed on in the contract with Hay and Kinney. This, and other evidence in the record which we shall not take the time to set out, was, we think, amply sufficient to warrant the lower court in finding that as a matter of fact the contract carried out and intended to be carried out was that of January 22, 1919; that this contract was originally made with Hay and Kinney, with intention that it should be adopted by respondent; that it was not mutually abandoned; and that the amount claimed over and above that specified in the contract was claimed by reason of changes made, the charges for which were partially admitted and partially denied.

A contract made by the promoters of a corporation,—as were Hay and Kinney in this case for and on behalf of respondent—before it is formed, becomes the contract of the corporation, so that it is both entitled to the benefit thereof and liable thereon, if it adopts it after it comes into

existence. 14 C. J. 257. Counsel for appellant, however, claim that it is not shown herein that respondent adopted the Hay-Kinney contract either expressly or impliedly. A number of cases are cited wherein the court held that no' sufficient adoption by the corporation had been shown so as to hold it liable on the contract. None of them are in point It is shown in this case that the bank made whatever payments were made; it received and accepted the benefit of the contract, and it is here relying upon and defending under that contract. . If all of the money that was agreed to be paid under that contract, together with the extras, had not been paid, and the court had rendered a judgment for appellant for the balance due, could respondent have been heard to claim that it did not adopt the contract, after setting it up| as a defense? We think not. It would then have been bound. The same rule should apply when the judgment is in its favor. If a principal seeks to enforce by suit rights based on the unauthorized acts or contract of an agent, or seeks to take advantage of such contract, or sets it up in a cross-action by way of defense to a suit brought against him, he thereby impliedly adopts or ratifies such act or contract. 2 C. J. 513. So, too, it is said where a contract is made for the benefit of a third party, that "while an acceptance of the contract is necessary, the bringing of the suit on it is ordinarily sufficient evidence thereof." We are unable to see why the same, or at least a very similar principle, should not apply in the case at bar, where the contract in question was made for the benefit of respondent. No more effective adoption of the contract could have been made than by setting it up as a defense herein.

We find no error in the record and the judgment herein must be affirmed. It is so ordered.

*Affirmed.*

Potter, Ch. J., and Kimball, J., concur.
NOTE—See 2 C. J. pp. 513, 514; 14 C. J. pp. 257, 259.